NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDYTA GRYGLAK, FKA Edyta A. Fromkin,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>HSBC BANK USA, N.A., as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its Attorney-in-fact Wells Fargo Bank, N.A.; et al.,<br><br>     Defendants-Appellees. | No. 19-16517<br><br>D.C. No. 2:17-cv-01514-JCM-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 23, 2020**
San Francisco, California

Before: WALLACE, GILMAN,*** and GRABER, Circuit Judges.

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 *** The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Edyta Gryglak appeals from the denial of her motion for a preliminary injunction to prevent HSBC Bank USA, N.A.; Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities Corporation (collectively, Wells Fargo) from foreclosing on her home. She also appeals from the district court's decision not to hold an evidentiary hearing with regard to her motion. We review both decisions for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 554–55 (9th Cir. 1986).

1. The district court properly declined to issue a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The district court's determination that Gryglak had not shown a likelihood of success was not so "illogical, implausible, or without support in inferences that may be drawn from the facts in the record" to merit reversal. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009). The court rationally determined that, although the evidence permitted a jury to decide in Gryglak's favor, that possibility was remote.

2

Wells Fargo's alleged past refusal to accept Gryglak's payments in 2011 and 2012, along with Gryglak's alleged ability to make her mortgage payments, provided some circumstantial evidence that Wells Fargo again refused to accept Gryglak's payments in 2013. But the district court permissibly viewed that evidence as weak, especially considering Wells Fargo's lack of records of the alleged payments, Gryglak's testimony that the payments were never returned to her, and the fact that several checks sent by Gryglak were in fact deposited by Wells Fargo early in 2013. Nor has Gryglak shown a likelihood of success on her alternative theory that Wells Fargo sent her "inflated" billing statements.

Even if Gryglak had shown a likelihood of success, the district court permissibly concluded that Gryglak had not established the other three elements for the "extraordinary" relief of a preliminary injunction. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam). We have never held that the other three elements necessarily are met in the foreclosure context, and Gryglak failed to explain how the facts of her case satisfied the other three elements.

2. The district court did not abuse its discretion by failing to hold an evidentiary hearing. Although we have suggested that, if the disputed facts "are simple and little time would be required for an evidentiary hearing, proceeding on affidavits alone might be inappropriate," *International Molders'*, 799 F.2d at 555, we have also explained that there is no presumption in favor of evidentiary

hearings under Rule 65 of the Federal Rules of Civil Procedure, *id*. The

circumstances of this case did not *require* the district court to hold an evidentiary

hearing, and we find no abuse of discretion in its failing to do so.

**AFFIRMED.**[1]

---

[1] Although we stayed the foreclosure sale of Gryglak's house pending our review of the district court's preliminary injunction ruling, we did not prevent the district court from proceeding to trial on the merits of this case. Indeed, "this case could have well proceeded to a disposition on the merits without the delay in processing the interlocutory appeal." *California v. Azar*, 911 F.3d 558, 584 (9th Cir. 2018), *cert. denied sub nom. Little Sisters of the Poor Jeanne Jugan Residence v. California*, 139 S. Ct. 2716, 204 L. Ed. 2d 1111 (2019). We "have repeatedly admonished district courts not to delay trial preparation to await an interim ruling on preliminary injunction" because our disposition will likely "provide little guidance as to the appropriate disposition on the merits" in light of "the limited scope of our review" and because "the fully developed factual record may be materially different from that initially before the district court" when it ruled on the preliminary injunction motion. *Id*. at 583–84.